UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

MARCIA HYATT,

    Plaintiff,

v.                                                                               Case No. 11-C-0276

MICHAEL ASTRUE,

    Defendant.

**ORDER**

Plaintiff has filed an action seeking review of the decision of the Commissioner of Social Security. Ordinarily, a plaintiff must pay a statutory filing fee of $350 to bring an action in federal court. 28 U.S.C. § 1914(a). Plaintiff, however, has requested leave to proceed *in forma pauperis*, pursuant to 28 U.S.C. § 1915.

Section 1915 is meant to ensure indigent litigants meaningful access to federal courts. *Nietzke v. Williams*, 490 U.S. 319, 324 (1989). An indigent plaintiff may commence a federal court action, without paying required costs and fees, upon submission of an affidavit asserting inability "to pay such fees or give security therefor" and stating "the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress." 28 U.S.C. § 1915(a)(1).

Plaintiff filed the required affidavit of indigence. Upon review of that affidavit, it appears that plaintiff is unable to pay the filing fee. Accordingly, the motion to proceed *in forma pauperis* is will be granted.

In her complaint Plaintiff also states "I would like to get an attorney" which this Court will treat as a request for the Court to appoint counsel. (Compl. ¶ IV.) Indigent civil litigants have no constitutional or statutory right to be represented by counsel in federal court. *McKeever v. Israel*,

689 F.2d 1315 (7th Cir. 1982).  Given the fact that an attorney who represents a successful Social Security plaintiff is entitled by statute to attorney's fees, such plaintiffs are generally expected to secure their own counsel. *See* Social Security Act, §§ 205(i), 206(b), as amended, 42 U.S.C.A. §§ 405(i), 406(b); *see also U.S. v. Thouvenot, Wade & Moerschen, Inc.,* 596 F.3d 378 (7th Cir. 2010).  Plaintiffs generally do not pay an attorney ahead of time to handle a Social Security disability case.  Instead attorneys often take Social Security disability cases on a contingent fee basis, *McGuire v. Sullivan,* 873 F.2d 974 (7th Cir. 1989), and there are a significant number of attorneys in Wisconsin who specialize in Social Security law.

For the reasons set forth above the motion to proceed in *in forma pauperis* is **GRANTED** but the request to appoint an attorney is **DENIED.**

**SO ORDERED** this ___24th___ day of March, 2011.

                                         s/ William C. Griesbach
                                         William C. Griesbach
                                         United States District Judge